LAURENSON v. CARRELL et al.   (No. 7733.)

(Court of Civil Appeals of Texas.   San Antonio. Dec. 22, 1926.   Rehearing Denied Jan. 19, 1927.)

1. Judgment ⬅461(4)—Evidence held to show that plaintiff was duly summoned as recited in judgment sought to be set aside.

In a suit to set aside a judgment granting an injunction, evidence *held* to show that plaintiff was duly summoned to appear and answer the injunction suit as recited in the judgment.

2. Appeal and error ⬅882(5)—Judgment creditor held not prejudiced by use of carbon copy of petition at trial of suit to enjoin execution sale.

Rights of judgment creditor *held* not prejudiced by use of carbon copy of petition at trial suit to enjoin execution sale, when default judgment was taken, where original pleadings were in her possession, originals of exhibits attached to original petition were introduced in evidence, temporary injunction writ was granted on such petition, and she was duly summoned to appear.

3. Appeal and error ⬅882(5)—Judgment creditor retaining possession of petition to enjoin execution sale could not complain of failure to substitute carbon copy in statutory manner (Vernon's Sayles' Ann. Civ. St. 1914, arts. 2157, 2158).

Judgment creditor in possession of original petition to enjoin execution sale and not return-

---

ing it nor attending trial, though duly cited, could not complain of failure to substitute carbon copy in manner required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 2157, 2158, as to lost or destroyed papers.

Appeal from Seventy-Third District Court, Bexar County; Robert W. B. Terrell, Judge.

Suit by Virginia Laurenson against George H. Carrell and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Joe L. Hill, of San Antonio, and Briscoe & Morris, of Devine, for appellant.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellees.

FLY, C. J. The record in this case is out of the ordinary and rather unique in its arrangement. It begins with an agreement of all parties "that the motion and petition in equity filed herein on December 3, 1925, by Virginia A. Laurenson, and all pleadings and papers filed in said cause subsequent thereto, shall be filed by the clerk as of July 1, 1926, as a separate suit and docketed under a new number." This is followed by a paper called "plaintiff's petition in equity," filed in a case styled, "Clara L. Carrell et al. v. Jas. Stevens, Sheriff, et al.," and although the label of the paper would lead to the conclusion that the pleader was a plaintiff all through the "plaintiff's petition in equity," the complaining party is denominated "the defendant." This renders it quite confusing as to who is responsible for the "plaintiff's petition in equity," but after some difficulty, in the face of the fact that Virginia A. Laurenson is not mentioned in the style of the case and is only mentioned in the petition as a plaintiff, this court concludes that "defendant" filed the petition and is Virginia A. Laurenson. It seems that the "defendant," Virginia A. Laurenson, sought to set aside a judgment theretofore obtained by Clara L. Carrell and husband granting an injunction against the sale of certain lots of land, under an execution issued out of a certain cause styled Virginia A. Laurenson v. George H. Carrell in the Forty-Fifth district court, in which the said Virginia A. Laurenson had obtained a judgment on April 13, 1920, for $10,000 against said George H. Carrell. Virginia A. Laurenson seeks to set aside the injunction order, and "she further prays that this suit be heard on its merits and that the lien created by the levy of the execution be foreclosed, and that her lien, created by the abstract of judgment against George H. Carrell, also be foreclosed." To the "plaintiff's petition in equity" is attached a copy of the petition of Clara L. Carrell, in her suit for injunction to restrain the sale of property claimed to be her separate estate, which had been levied on and was about to be sold under the judgment held by Virginia A. Laurenson as

289 S.W.—65

the property of George H. Carrell. There is also attached a copy of a judgment by default against the sheriff of Bexar county and Virginia A. Laurenson, enjoining the sale of the property.

The judgment from which this appeal was perfected has, among others, the following recitations:

"Whereupon, the court, after hearing the pleadings read, the evidence and argument of counsel, and it appearing from the evidence to the court that plaintiff, Virginia A. Laurenson, was duly and legally served with citation as required by law in the former suit No. B–38145, and, further, that the original petition in the former suit was at the time of the trial in her possession, she not being present at the trial, and a copy of the original petition used at that time being an exact carbon copy of the original petition in the possession of the said Virginia A. Laurenson, and it appearing that no substantial rights of the plaintiff, Virginia A. Laurenson, were violated by the use of the said copy of the plaintiff's original petition and that no complaint was made by her of same in said suit, or in any appeal from the judgment therein, it is therefore ordered, adjudged, and decreed by the court that the plaintiff, Virginia A. Laurenson, recover nothing in this suit," etc.

[1; 2] The grounds for setting aside that judgment were that appellant had not been served with citation in the injunction suit, and that the petition had been substituted without notice to her and she had no knowledge of it until long after the sale had been enjoined.

Judge George C. Clifton, of the Bexar county criminal court, had, prior to his election in November, 1924, been of counsel for appellant, and just before he went on the bench, in January, 1925, put the pleadings in the injunction suit, for which he had receipted to the clerk, in the hands of Mrs. Laurenson, and afterwards upon inquiry found that they were in her possession. It was with the knowledge and consent of her counsel that the carbon copy of the petition was used at the trial when the judgment by default was taken. The originals of the exhibits attached to the original petition were introduced in evidence. The temporary writ of injunction was granted on the original petition. Appellant admitted that she had possession of the papers in the case. All the facts tend to show that she was duly summoned to appear and answer the injunction suit as recited in the judgment. Her rights were in no way prejudiced by the use of the carbon copy of the petition.

[3] Article 2157, Rev. Stats. 1914, which provides for the substitution of papers in a cause, applies to those papers only which are lost or destroyed, and its provisions do not apply to the facts of this case. The papers were not lost or destroyed, and this fact was known to Mrs. Carrell, and she could not have sworn that the papers were lost or destroyed, as required in article 2158, with-

out committing perjury. Appellant had the papers in her possession, and, although duly cited to appear, did not return the papers or attend herself. She knew the papers were not in court and was not entitled to a notice that substitutes would be used. She should not be allowed to take advantage of a wrong committed by her in withholding the papers. She does not deny that the original papers were in her possession. It is not claimed that a petition for the injunction was insufficient to justify a judgment, nor that the substituted pleading was not identical with the original, but the sole contention is that the paper was not substituted as required by the statute. The papers were not lost or destroyed, but were deliberately withheld by appellant, and she is endeavoring to defeat a judgment against her because she had failed to perform the duty of returning the papers. She has not been deprived of any right by the use of the substituted paper—a use made necessary by her own acts in withholding papers from the court.

Appellant came into a court of equity asking for relief from matters brought about by her own inequitable conduct. She does not come into the court of honor and good conscience with clean hands, but comes asking for equity in a case brought about and induced by her own conduct. She will not be heard in a court of equity to invoke a law whose infraction was caused by her own illegal acts.

The judgment will be affirmed.